IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION



CELESTE PERKINS,

    Plaintiff,

-vs-                                      CASE NO.: 3:15cv572CWR-FKB

COMENITY LLC D/B/A
COMENITY BANK,

    Defendant.

_____/

## COMPLAINT

Plaintiff, CELESTE PERKINS, by and through her undersigned counsel, sues the Defendant, COMENITY LLC D/B/A COMENITY BANK, and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA")

## INTRODUCTION

2. The TCPA was enacted to prevent companies like COMENITY LLC D/B/A COMENITY BANK from invading American citizen's privacy and prevent abusive "robo-calls."

3. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." <u>Mims v. Arrow Fin. Servs., LLC</u>, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

4. "Senator Hollings, the TCPA's sponsor, described these calls as 'the *1256 scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they

force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

5.  According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal

## JURISDICTION AND VENUE

6.  This is an action for damages exceeding Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest and costs.

7.  Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

8.  Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, 132 S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

9.  Venue is proper in this District because the Plaintiff resides in this District (Hinds County), the phone calls were received in this District, and the Defendant transacts business in Hinds County, Southern District, Mississippi.

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person, and citizen of the State of Mississippi, residing in Hinds County, Mississippi, and resides in this District.

11. Defendant is corporation and a citizen of the State of Ohio with a principal place of business and/or office for transacting its business located at P.O. Box 182025, Columbus, OH 43218, with registered agent Corporation Trust Company able to accept service at 1209 Orange Street, Wilmington, DE 19801.

12. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Hinds County, Mississippi, by the Defendant's placing of illegal calls to Hinds County, Mississippi.

13. Plaintiff opted out of the *Couser v Comenity Bank* class settlement with an exclusion letter postmarked February 5, 2015. This complied with all rules and deadlines associated with opting out of the class action lawsuit.

14. Defendant, at all material times, was attempting to collect on an Ashley Store Credit Card account.

15. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number approximately 20 times per month from approximately May, 2014 through the filing of this complaint, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

16. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded

voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). When Plaintiff answered the telephone, she would often hear a silent pause, then an automated message stating "Hello, this is Comenity Bank, please hold on the line."

17. Plaintiff's had a conversation with Defendant's representative in May, 2014, and told them "Don't call me again. I'm not paying," and then hung up the telephone.

18. Each of the autodialer calls the Defendant made to Plaintiff's cellular telephone number after May 2014, was done so after she had revoked consent and without the "prior expressed consent" of the Plaintiff.

19. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (601) ***-8161, and was the called party and recipient of Defendant's autodialer calls.

20. The autodialer calls from Defendant came from the telephone numbers including but not limited to 720-456-3684, 720-456-3685, 720-456-3690, 913-563-5511, 913-563-5512, 913-312-3217, 614-754-4057, 614-754-4059, 614-754-4060 and 614-754-4065; and when those numbers are called, an automated voice answers and identifies itself as "Comenity"

21. Despite Plaintiff informing Defendant to stop calling, the Defendant's autodialer calls to Plaintiff's cellular phone continued. Plaintiff continued receiving calls at a high volume on a daily basis, including, but not limited to:

> January 13, 2015, Plaintiff received five (5) calls from Defendant from a total of three (3) numbers associated with the Defendant. Plaintiff was called at 8:31 a.m., 9:30 a.m., 10:31 a.m., 1:27 p.m., and 7:28 p.m. that day. (See attached Exhibit A)
>
> January 16, 2015, Plaintiff received six (6) calls from Defendant from a total of four (4) numbers associated with the Defendant. Plaintiff was called at 8:34 a.m., 9:04 a.m., 10:31 a.m., 12:27 p.m., 4:28 p.m., and 5:32 p.m. that day. (See attached Exhibit B)

January 17, 2015, Plaintiff received seven (7) calls from Defendant from a total of four (4) numbers associated with the Defendant. Plaintiff was called at 8:42 a.m., 9:37 a.m., 10:34 a.m., 11:35 a.m., 2:44 p.m., 4:17 p.m., and 5:18 p.m. that day. (See attached Exhibit C)

January 18, 2015 Plaintiff received three (3) calls from Defendant from a total of two (2) numbers associated with the Defendant. Plaintiff was called at 8:49 a.m., 10:17 a.m., and 12:12 p.m. that day. (See attached Exhibit D)

January 19, 2015 Plaintiff received six (6) calls from Defendant from a total of two (2) numbers associated with the Defendant. Plaintiff was called at 12:22 p.m., 4:35 p.m., 5:33 p.m., 6:34 p.m., 7:12 p.m. and 8:11 p.m. that day. (See attached Exhibit E)

January 21, 2015 Plaintiff received five (5) calls from Defendant from a total of three (3) numbers associated with the Defendant. Plaintiff was called at 8:19 a.m., 9:27 a.m., 10:30 a.m., 12:28 p.m., and 4:27 p.m. that day. (See attached Exhibit F)

January 30, 2015 Plaintiff received four (4) calls from Defendant from a total of two (2) numbers associated with the Defendant. Plaintiff was called at 9:01 a.m., 9:59 a.m., 2:22 p.m., and 6:07 p.m. that day. (See attached Exhibit G)

January 31, 2015 Plaintiff received four (4) calls from Defendant from a total of two (2) numbers associated with the Defendant. Plaintiff was called at 8:39 a.m., 9:42 a.m., 1:39 p.m., and 2:37 p.m. that day. (See attached Exhibit G)

February 1, 2015 Plaintiff received four (4) calls from Defendant from a total of three (3) numbers associated with the Defendant. Plaintiff was called at 9:50 a.m., 12:46 p.m., 3:44 p.m., and 7:36 p.m. that day. (See attached Exhibit H)

5

February 2, 2015 Plaintiff received five (5) calls from Defendant from a total of two (2) numbers associated with the Defendant. Plaintiff was called at 9:15 a.m., 9:55 a.m., 10:55 a.m., 1:03 p.m., and 1:59 p.m. that day. (See attached Exhibit H)

February 3, 2015 Plaintiff received four (4) calls from Defendant from a total of two (2) numbers associated with the Defendant. Plaintiff was called at 10:33 a.m., 5:57 p.m., 6:37 p.m., and 7:59 p.m. that day. (See attached Exhibit I)

February 4, 2015 Plaintiff received four (4) calls from Defendant from a total of two (2) numbers associated with the Defendant. Plaintiff was called at 8:57 a.m., 9:38 a.m., 10:25 a.m., and 12:57 p.m. that day. (See attached Exhibit I)

February 6, 2015 Plaintiff received four (4) calls from Defendant from a total of two (2) numbers associated with the Defendant. Plaintiff was called at 10:39 a.m., 1:03 p.m., 1:37 p.m., and 2:41 p.m. that day. (See attached Exhibit J)

February 7, 2015 Plaintiff received two (2) calls from Defendant from a total of two (2) numbers associated with the Defendant. Plaintiff was called at 8:57 a.m. and 1:47 p.m. that day. (See attached Exhibit J)

22. The autodialer calls from Defendant continued, on average, 20 times per month, from May, 2014, through the filing of this complaint. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of all autodialer calls made to Plaintiff.

23. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the cell phone number.

24. Despite actual knowledge of their wrongdoing, the Defendant willfully continued the campaign of autodialer calls, well-beyond May, 2014, when Plaintiff first advised Defendant to stop calling Plaintiff.

25. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, advising Defendant to stop calling.

26. Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint. The Defendant has been sued in Federal Court over 80 times in the last 3 years.

27. In the last 3 years, the Defendant has had 1,632 complaints reported to the Better Business Bureau (BBB). See http://www.bbb.org/centralohio/business-reviews/credit-cards-and-plans/comenity-bank-in-columbus-oh-6558/complaints/

28. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

29. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to Plaintiff's cellular telephone.

30. Due to Defendant's constant autodialer calls and demands for payment, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

31. Plaintiff re-alleges and incorporates Paragraphs one (1) through thirty (30) above as if fully stated herein.

32. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

33. Defendant violated the TCPA, with respect to all of its autodialer calls made to Plaintiff's cellular telephone number after Plaintiff revoked consent to be called and without Plaintiff's prior express consent.

34. The Defendant willfully and/or knowingly violated the TCPA, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant in May, 2014, when Plaintiff verbally withdrew, revoked, and/or terminated any alleged consent Defendant believed it had to contact her, and told Defendant to stop calling her.

35. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii). The Plaintiff experienced the silent pause prior to the pre recorded message stating "Hello, this is Comenity Bank, please hold on the line."

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, COMENITY LLC D/B/A COMENITY BANK, for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

Respectfully submitted,

8/7/15

Jason Graeber, Esquire
2462 Pass Rd
Biloxi, MS 39531
Phone: (228) 207-7117
Jason@jasongraeberlaw.com